RECEIVED
IN LAKE CHARLES, LA.

JUL 17 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13CR00204-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| EMIL ROLAND RATH | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department. The Government filed a Response to the defendant's objections.

Rath objects to the Chapter Four Enhancement (PSR ¶26) which increases his offense level by 18 levels under USSG §4B1.5(a). Rath argues that this enhancement only applies if the defendant committed the instant offense '**subsequent** to sustaining at least one sex offense conviction." (Emphasis added). Here, the instant offense occurred in 2002 or 2003. Prior to that time, Rath's only prior sex offense was a 1996 Arkansas conviction[1] which had arguably been expunged. Rath maintains that the expunged conviction should not be counted as a prior sex offense.

Probation asserts that the enhancement under USSG §4B1.5(a) was applied based on the fact that the defendant has a prior sex offense conviction in the State of Arkansas (PSR ¶32).

The record contains an Order to Seal filed in the Circuit Court of Polk County, Arkansas, on July 12, 2000, in case number CR-95-154. This Order indicates that the defendant was found guilty of two counts of Sexual Abuse in the First Degree on June 19, 1996, and received a sentence of 60

---

[1] The Government concedes that, pursuant to 18 U.S.C. 2247(a), the 2005 conviction should not be used to statutorily enhance the sentence. (Government's Reply, p.2).

months probation.  The Order further states that the court

> "finds that the defendant was sentenced under the provisions of A.C.A Section 16-93-303[2] which provides for the sealing of a defendant's record.  The court now finds that the defendant has satisfactorily complied with the conditions and orders of this court, and that the Petition to Seal the record of this offenses should be granted.  It is therefore considered, ordered and adjudged that the following specific offenses in this case be sealed to all except those authorized by law to have access: Count I and Count II of Sexual Abuse in First Degree."

The defendant was convicted in 1996.  The Order to Seal[3] was issued in 2000. The Arkansas Amendment stating that sexual offenses involving minors are not eligible for expungement was not enacted until 1999, which is prior to the Order to Seal, but after the conviction in Rath's case.

In *McBride v. State of Arkansas*, 99 Ark.App. 201 (2007), the court discussed a factually similar situation.  In *McBride*, the defendant argued that the 1999 amendment excluding expungement was not in effect at the time he committed his sexual offenses, therefore he was

---

[2] Act 1407, effective July 30, 1999, amended § 16-93-303 to read as follows: "(a)(1) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court; provided, however, that *no person who pleads guilty, nolo contendere, or is found guilty of a sexual offense as defined by Chapter 5, Title 14, Arkansas Code of 1987 Annotated where the victim was under the age of eighteen (18) years shall be eligible for expungement of the record under this subchapter."*

[3] Act 1407 further amended § 16-90-901 (Definition) to read, "(a)(1) *As used in §§ 5-64-407, 5-4-311, 16-90-601, 16-90-602, 16-90-605, 16-93-301 – 16-93-303, and 16-93-1207, 'expunge' shall mean that the record or records in question **shall be sealed**, sequestered, and treated as confidential in accordance with the procedures established by this subchapter.  (b)(2) Unless otherwise provided by this subchapter, 'expunge' shall not mean the physical destruction of any records.  (3) No person who pleads guilty or nolo contendere or is found guilty of a sexual offense as defined in this section and the victim was under the age of eighteen (18) years shall be eligible to have the offense expunged under the procedures set forth in this subchapter."*

entitled to an expungement.[4] In 2005, McBride filed a petition stating that he had complied with the conditions and orders of the court and he sought to have the conviction expunged. The State argued that he was not eligible for expungement. The trial court held that he was not eligible for an expungement, but the Court of Appeal reversed reasoning that the Arkansas Supreme Court had noted that "a sentence must be in accordance with the statute in effect at the date of the crime." *State v. Ross*, 344 Ark. 364, 367 (2001). The court further reasoned that an act is only applied retroactively when the General Assembly expressly provides that it should be so applied. *See, e.g. Ross*, 344 Ark. At 368. The General Assembly did not expressly provide that Act 1407 was to be applied retroactively. The Court of Appeal found that, at the time McBride committed the sexual offenses, Arkansas law did not prohibit expungement for sexual offenses where the victim was under eighteen, therefore this law did not apply to McBride.

Likewise, at the time of Rath's offense, Arkansas law did not prohibit expungement for his offenses. He asked the court to seal the record and it was sealed, effectively expunging the record. Application Note 10 to 4A1.2 states that:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.* in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are counted. *However, expunged convictions are not counted.* §4A1.2(j).

USSG §4A1.2(j) states that sentences for expunged convictions are not counted, but may be considered under §4A1.3 (Adequacy of Criminal History Category in considering an upward

---

[4] In an order of probation under Act 346 of 1975 dated June 23, 2000, McBride tendered a plea of guilty to one count of first-degree sexual abuse that occurred on April 29, 1999, and one count of third-degree carnal abuse which occurred between March 1999 and April 1999. The victims were under eighteen years old.

departure).  The Government argues, however, that the 1996 conviction, regardless of whether it is part of a sealed record, is an applicable Prior Sex Offense Conviction that should be used to enhance the maximum term of imprisonment pursuant to 18 USC 2247(a), from twenty (20) to forty (40) years, as conveyed in the Government's Notice of Sentencing Enhancement. (Rec. Doc. 36).

The Government contends that whether a prior state conviction is counted as a federal statutory enhancement is a matter of federal, not state law citing *United States v. Morales,* 854 F.2d, 65, 68-69 (5th Cir. 1988).  In *Morales,* the defendant argued that when Congress used the words "have become final" with reference to convictions in 21 U.S.C. § 841(b)(1)(B) it meant convictions that were final under the laws of the jurisdiction from whence the convictions emanated.  The court concluded that the meaning to be assigned to the term "have become final" in 21 U.S.C. § 841(b)(1)(B) is a question of federal, not state law. *Dickerson v. New Banner Institute,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *United States v. Lehmann,* 613 F.2d 130 (5th Cir.1980). In *Morales* the court reasoned that it could examine state law, for informational purposes, but it was not bound by its treatment of a felony conviction when applying the federal sentence-enhancement provisions.

Likewise, the Government submits that *United States v. Cisneros,* 112 F. 3d 1272, 1280-82 (5th Cir. 1997) held that a prior expunged conviction could be used for a federal statutory enhancement.  Both *Morales* and *Cisneros* involved convictions pursuant to 21 U.S.C. 841, which is not the applicable statute in the case at bar.  This court has been unable to find any applicable case law conducting a similar analysis pursuant to 18 USC 2247(a).

In *Cisneros, supra,* the defendant argued that the district court erred in determining that his prior state deferred adjudication was a "prior conviction" for the purposes of 21 U.S.C. §

4

841(b)(1)(A). Cisneros involved a deferred adjudication probation while Rath's prior offense was an actual conviction for Sexual Abuse in the First Degree. 18 USC 2247(a) states that the maximum term of imprisonment for a violation of this chapter after *a prior sex offense conviction* shall be twice the term otherwise provided by this chapter. Following the reasoning of the court in *Morales,* this court finds that the question of whether the 1996 offense was a "prior sex offense conviction" is a question of federal law.

The recidivism provision in 18 U.S.C. § 2247(b)[5] provides that prior convictions triggering the mandatory minimum include any conviction "under State law for an offense consisting of conduct that would have been an offense under " "chapter [117], chapter 109A, chapter 110, or section 1591" if such offense had been committed in federal territorial jurisdiction. 18 U.S.C. § 2426(b)  The sentencing guideline applied here, U.S.S.G. § 4B1.5, provides that any defendant convicted of a covered sex crime who has sustained at least one "sex offense conviction" is subject to an enhanced offense level and criminal history category. U.S.S.G. § 4B1.5.  Rath's conviction under Chapter 109A, 18 U.S.C. § 2243(a), is a covered sex crime for purposes of U.S.S.G. § 4B1.5. comment. (n.2).

A "sex offense conviction" is defined in the repeat offender enhancement statutes of 18 U.S.C. § 2426(b) and 18 U.S.C. § 2247(b). *See id.* at comment. (n.3(A)(ii)) (defining "sex offense conviction" as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was

---

[5] 18 USC 2247 (B) states: "Prior Sex Offense Defined - In this Section, the term "prior sex offense conviction" has the meaning given the term in Section 2426(b)."  18 USC 2426(b)(1) states that the term "prior sex offense conviction" means a conviction for an offense - (A) under this chapter, chapter 109A, chapter 110, or section 1591; or (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States...

perpetrated against a minor"); 18 U.S.C. § 2247(b) ("In this section, the term 'prior sex offense conviction' has the meaning given that term in section 2426(b)."). This court finds that Rath's prior state conviction for sexual abuse under Alabama Code § 13A6-65 triggered the enhancement statutes.

In making this determination, we look behind the judgment of conviction to Rath's underlying conduct. Ordinarily, a sentencing court may "consider only the fact of conviction and the statutory definition of the prior offense." *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir.2004) (quotation marks and citation omitted). This "categorical approach" prevents the court from conducting "mini-trials" on a defendant's prior conviction. *Id.* (quotation marks and citation omitted). A court may depart from this approach and consider the underlying conduct, however, when the sentence enhancement statute is based on a defendant's prior conduct or crime, rather than proof of the elements of a prior offense. *See id.*

Rath's 1995 conviction was for Sexual Abuse- First Degree. Pursuant to Code of Ala. 1975, §§ 13A-6-66, 13A-6-67, and 13A-6-69.1 a person commits sexual abuse when he subjects another person to sexual contact by forcible compulsion[6] or when that other person is incapable of giving

---

[6] Forcible compulsion is defined by Code of Ala. 1975, § 13A-6-60(8), as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to [herself] or another person." See Johnson v. State, 950 So. 2d 371, 376 (Ala. Crim. App. 2006) (evidence was sufficient to establish that defendant's acts were committed by forcible compulsion so as to support conviction for first-degree sexual abuse where victim testified that when she was 11 years old, defendant, who was more than 16 years old, grabbed her, pushed her onto her bed, held her down, pulled off her clothes, and inserted his penis into her vagina; she testified that she did not consent to acts, tried to push him away, and fought him, that he threatened to get knife if she did not stop screaming, and that when he went to kitchen, she ran out to the front door, and that when she went to front door, defendant told her he would kill her if she left, and State's evidence indicated laceration and some abrasions in victim's vaginal area).

consent by reason of being physically helpless or mentally incapacitated.. There is sexual abuse in the first degree (§ 13A-6-66 of the Alabama Code) and sexual abuse in the second degree (§ 13A-6-67, of the Alabama Code).  Sexual abuse by forcible compulsion is always sexual abuse in the first degree. Without forcible compulsion there remain only two distinctions: (1) whether the other person was incapable of consent; and (2) ages of the parties. First, a person can be incapable of giving consent because he was (at the time) physically helpless, mentally incapacitated or by some other factor. If he was physically helpless or mentally incapacitated, the sexual abuse was in the first degree. If he was incapable of consent because of some other factor, the sexual abuse was in the second degree. Second, *if the actor was at least 16 years of age and the "victim" was less than 16 years of age, there are two issues: (1) if the "victim" was under 12 years old, it is sexual abuse in the first degree;* (2) if the "victim" is more than 12 years old but less than 16 years old and the actor is 19 years old or older, the sexual abuse is in the second degree. If neither age categories are met, there is no sexual abuse based on the age of the parties.

In reviewing the Alabama Statute, it is clear that a conviction for two counts of First Degree Sexual Abuse (apparently involving two separate victims) is a *conviction* for sexual misconduct triggering the enhancement statutes under federal law.  Accordingly the defendant's objection is OVERRULED and the enhancement applied by Probation in the PSR shall remain unchanged.

With reference to ¶ 32, Mr. Rath objects to the Criminal History which adds 1 point for the 1996 Arkansas conviction which had been expunged.  Rath argues that because that conviction had been expunged, it should not be used in calculating the criminal history score.  The defendant argues that, according to USSG §4A1.2(j), expunged convictions are not counted in computing criminal history points.  Because the court has found the 1996 conviction expunged under applicable *state*

7

law[7], this point will not be counted, resulting in a total offense level of 31 Criminal History Category II, before enhancement as a repeat and dangerous sex offender pursuant to §4B1.5(a)(2), which increases the criminal history category to V.

With reference to ¶¶ 34 – 35, these paragraphs are based on the application of USSG §4B1.5(a) and the calculation of the criminal history score, which relate to the defendant's objections 1 and 2, therefore Rath also objects to ¶¶ 34 – 35.

Based upon the finding the findings above, the defendant's offense level is 31, with a Criminal History category of V.

In his fifth objection, Rath objects to the application of statutory provisions of 18 U.S.C. § 2247 (PSR ¶51).  As set forth in the defendant's Response to Sentencing Enhancement (Rec. Doc. 38):

> 1) The defendant objects to the use of the June 19, 1996 conviction in Arkansas criminal docket number CR-95-154 as that conviction was expunged (See attached Exhibit A); and 2) defendant objects to the use of the January 12, 2005 conviction because that conviction did not occur prior to the alleged criminal activity in the case at bar.  Accordingly, defendant maintains that statutory provisions of 18 U.S.C. § 2247 are not applicable to this case."

¶51 of PSR sets forth the statutory penalty for the offense of conviction.  The maximum term of imprisonment is 20 years, but is doubled if the Court finds that the defendant committed this offense after a prior sex offense conviction.  At issue once again is the applicability of the 1996 Arkansas conviction.  Because this court has found the 1996 Arkansas conviction was not legally expunged under federal law for the purpose of 18 U.S.C. §2247, it can be considered a prior sex offense conviction.  Therefore  the statutory maximum term of imprisonment is 40 years

---

[7] This differs from the analysis for an enhancement under applicable federal law.

The remaining points raised by the defendant are factual clarifications which do not require a ruling by the court.

Accordingly, as stated above, the defendant's objections are OVERRULED.

Lake Charles, Louisiana, this 16 day of July, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

9