UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:13-CR-00204-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **EMIL ROLAND RATH (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 62] filed by Emil Roland Rath. Mr. Rath is an inmate in the custody of the Bureau of Prisons and seeks a reduction of his sentence in light of the COVID-19 pandemic. The government opposes the motion. Doc. 65.

### I.
#### BACKGROUND

Mr. Rath was convicted in this court of one count of abusive sexual contact with a minor who had not attained the age of 12. Docs. 39, 43. He was sentenced on July 17, 2014 – by which time he had been in federal custody for approximately one year – to a 210 month term of imprisonment. Doc. 57. He is currently incarcerated at the Federal Correctional Institution at Yazoo City, Mississippi. He seeks compassionate release based on the COVID-19 pandemic, asserting that he is at an increased risk of complications due to various underlying health issues. Doc. 62. He also asserts that he "tried to go through proper channels" to present his request to BOP authorities, but that his request has been ignored. *Id.* The government opposes the motion, arguing that there is no record of this

submission and that Mr. Rath's request must be denied due to his failure to properly exhaust administrative remedies. Doc. 65.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020). The defendant bears the burden of demonstrating compliance with this requirement. *See, e.g.*, *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

Mr. Rath argues that he submitted an electronic request but that it has been ignored for some indeterminate length of time. He provides no evidence of this submission. The government asserts that it contacted authorities at FCI Yazoo City and learned that there is no record that Mr. Rath ever filed such a request. Given the mandatory nature of the exhaustion requirement and the defendant's burden in this matter, the court must regard the request as unexhausted until Mr. Rath can show that he properly submitted a request and that it has been reviewed by the BOP or that at least 30 days have passed with no response.

### III.
#### CONCLUSION

For the reasons described above, the Motion for Compassionate Release [doc. 62] is **DENIED**, without prejudice to the defendant's right to reassert it upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**